56 F.3d 1531
 312 U.S.App.D.C. 461
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
SUN COUNTRY AIRLINES, INC., Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 94-1611.
 United States Court of Appeals, District of Columbia Circuit.
 May 30, 1995.
 
 On Petition for Review of Final Action by the Federal Aviation Administration.
 FAA
 PETITION DENIED.
 Before: EDWARDS, Chief Judge, BUCKLEY and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on a petition for review from final action of the Federal Aviation Administration ("FAA"), and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.CIR.RULE 36(b).
 
 
 2
 The petition for review is denied. As the petitioner contends, the FAA's decision to impose duty period scheduling limitations and rest requirements for flight attendants represents a departure from the position taken by the agency in rejecting a petition requesting similar rules in 1989. While we require agencies "to supply a reasoned analysis" in support of such a change of view, Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 42 (1983), here the FAA adequately has carried its burden. The FAA's notice of proposed rulemaking, see 58 Fed.Reg. 17,024 (1993), and final rule, see 59 Fed.Reg. 42,974 (1994), both make clear that the agency's 1989 study of flight attendant flight, duty, and rest times in the air carrier industry prompted it to rethink its earlier decision, see 58 Fed.Reg. 17,025 (stating that "results of [the industry study] suggest the need for regulatory action"). Significantly, when the FAA rejected proposed flight attendant duty period scheduling rules in 1989, it specifically noted the absence of any clear information concerning flight attendant duty time. See In re The Association of Flight Attendants and The Joint Council of Flight Attendant Unions, Docket No. 24397 (Jan. 23, 1989), at 4, reprinted in Joint Appendix 5. The 1989 study furnished the information that was previously missing and caused the agency to rethink the premises underlying its original position. Thus, it is clear from the record and from the agency's stated rationale that it adopted a new position based on new information.
 
 
 3
 While the FAA ideally could have explained its change of view more fully, it is a well-established principle of administrative law that we may "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43 (internal quotations omitted). Here, the agency's path is tolerably discernable, and we reject petitioner's argument to the contrary. As to petitioner's arguments challenging the basis for the standard chosen by the FAA, and questioning the agency's cost-benefit analysis, we find them meritless. For the foregoing reasons, it is
 
 
 4
 ORDERED and ADJUDGED that the petition for review is denied.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.CIR.RULE 41.